STATE of Missouri, Respondent,

v.

**Gerald Lee MILLER, Appellant.**

**No. WD 35039.**

Missouri Court of Appeals, Western District.

Sept. 25, 1984.

George M. Ely, Hamilton, for appellant.

Michael D. Arnold, Daviess County Pros. Atty., Gallatin, for respondent.

Before CLARK, P.J., and PRITCHARD and LOWENSTEIN, JJ.

PRITCHARD, Judge.

By the verdict of an agreed upon six person jury, appellant was convicted of driving while his license was revoked, § 302.321, RSMo 1978, and the punishment was assessed by the jury at a $200.00 fine.

The information charges that appellant committed the misdemeanor offense of driving while his driver's license was revoked on or about April 7, 1982, on Missouri State Highway No. 6, near its junctions with County Roads CC and DD in Daviess County, Missouri.

The state introduced into evidence its Exhibit 1, which is a certified copy of appellant's driver's license history, convictions and revocation of driving privilege. Included is a notice to appellant of his loss of driving privilege "due to obtaining 12 or more points", effective 2–27–81, directed to him first at 2308 Chelsea, which was crossed out, then to 5605 S. Chestnut, in Kansas City, Missouri. (Appellant testified he had been a resident of Iowa, and had received no notice of any kind from the Missouri Department of Revenue.) The document recites that on 12–21–80, the license was revoked for refusal to take the chemical test. Exactly one year later, 12–21–81, there was entered a termination of revocation on appellant's driving record.

The Notice of Loss of Driving Privilege and the Driver Record show that on 11–24–80, appellant was convicted in Kansas City of DWI with 12 points assessed. Obviously, this is the conviction the state relies upon, and appellant confuses it with the revocation and later termination for refusal to take the chemical test on 12–21–80.

Nonetheless, appellant introduced into evidence his Exhibit No. 1, which contains a Missouri Uniform Traffic Ticket dated 10–

28–80, with a court date specified as 11–24–80. This ticket describes the violation that appellant "Did operate a motor vehicle while under the influence of intoxicating liquor", in violation of the Revised Ordinances of Kansas City, Mo., Section 34.116A. This section has been marked over on the ticket showing it to be Section 34.116B. The reverse shows that the city waives appearance, appellant's plea of guilty, and a fine of $100, entered by Judge George C. Denney.

Appellant also introduced a copy of Sec. 34.116(a) which is "It shall be unlawful for any person who is under the influence of intoxicating liquor to operate any vehicle within this city." Also included is Sec. 34.116(b) which is "It shall be unlawful for any person who is under the influence of intoxicating liquor *to be in a position to physically handle the driving mechanism of any vehicle within this city."* (Emphasis added.)

Appellant also introduced a letter from his retained counsel, Robert B. Zeldin, dated November 25, 1980, which in part states: "Please be advised that my office appeared in Municipal Court in Kansas City on your behalf on November 24, 1980. At that time, the city dismissed the careless driving charge and amended the driving under the influence of alcohol charge to being in physical control of an automobile while under the influence of alcohol. Based upon the dismissal of the careless charge and the amendment of the other charge, a guilty plea was entered and a $100.00 fine was assessed. In Missouri, the amended charge is a non-moving charge and should not reflect upon your license. I should point out that in Kansas City the original charge was Section 34.116a and the amended charge was 34.116b. Therefore, should you receive any notification that appears to be in error, please let me know so that we can be sure that the proper section was used by the Drivers License Bureau."

■ Although appellant premises this appeal upon the trial court's failure to give an instruction pursuant to the provisions of MAI–CR 2d 2.38 on the subject of his belief in the legality of his conduct, he bases that assertion on his lack of notice or knowledge that his driver's license had been revoked. He does not challenge the sufficiency of the state's evidence to sustain the conviction of driving while revoked, but he did clearly inject the issue by his exhibits above referred to that he had pleaded guilty to a non-moving charge under § 34.116(b) of the Kansas City ordinances. The matter will therefore be reviewed as plain error under Rule 30.20. *State v. Guelker,* 548 S.W.2d 521, 523[1] (Mo. banc 1976).

Appellant did move generally for a judgment of acquittal at the close of all the evidence; he attacked the sufficiency of the state's evidence to sustain his conviction on the ground that the records of the Department of Revenue were incorrect and that he was improperly revoked at the time of the alleged offense; and he asserts also in his Point II that the evidence was insufficient to sustain the conviction, but that is based upon his claimed lack of notice of revocation. He does not specifically assert that there was no legal basis to assess 12 points on his conviction of 11–24–80, or that the charge, DWI, was in error, which is the basis for the disposition of this appeal.

Under appellant's evidence, the Kansas City Municipal Court charge of DWI was reduced to that of being in a position to physically handle the driving mechanism of any vehicle while under the influence of intoxicating liquor under § 34.116(b). This was the only conviction shown by the evidence to have occurred on 11–24–80, and the state did not go forward with the evidence to prove that there was indeed a DWI conviction on 11–24–80, to satisfy its burden of proving his conviction thereof beyond a reasonable doubt.

■ The reduced charge under § 34.116(b) was, as counsel accurately pointed out to appellant in his letter, supra, a non-moving charge which would not affect his

driver's license. Section 302.302, RSMo 1978, on the subject of assessment of driving points, speaks only of moving violations such as *speeding, leaving* the scene of an accident, *operating* without license, and *driving* while intoxicated. There is no statutory authority to assess any points on a charge under § 34.116(b), which is the sole charge under the evidence for which appellant pleaded guilty. The transmission of the record of conviction to the director of revenue was undoubtedly in error, and the twelve points entered for his revocation of driving privilege, which is the basis for this conviction, should not have been done.

The judgment is reversed, and appellant is ordered discharged.

All concur.